UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

V.

MARK MIDDLETON

Case No.:1:21-cr-367 (RDM)
Trial date: August 21, 2023

And

JALISE MIDDLETON,
            Defendants

MOTION TO DISMISS OBSTRUCTION OF OFFICIAL PROCEEDING COUNT

Defendants, Mark Middleton and Jalise Middleton, do hereby move to dismiss the Obstruction of Official Proceeding, 18 U.S.C. Section 1512, count in the indictment. Defendants are aware the United States Circuit Court of Appeals for the District of Columbia Circuit has ruled in favor of the United States with respect to this issue. Defendants raise this issue to preserve the record.

1. This is a complex, multiple count, multiple party indictment arising from the events of January 6, 2021. The charges against defendant are as

follows: 18 U.S.C. Sections 111 (a)(1), Assaulting Resisting, or Impeding Certain Officers; 18 U.S.C. Section 231 (a)(3), Civil Disorder; 18 U.S.C. Sections 1512 (c)(2), 2, Obstruction of an Official Proceeding; 18 U.S.C. Section 1752 (a)(1), Entering and Remaining in a Restricted Building or Grounds; 18 U.S.C. Section 1752 (a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds;  18 U.S.C. Section 1752 (a)(4), Engaging in Physical Violence in a Restricted Building or Grounds; 40 U.S.C. Section 5104 (e)(2)(D), Disorderly Conduct in the Capitol Grounds or Buildings; 40 U.S.C. Section 5104 (e)(2)(F), Act of Physical Within the Capitol Grounds or Buildings.

    2. The charges in this indictment are very serious and defendants face the prospect of significant periods of incarceration if convicted.

    3. 18 U.S.C. Section 1512 reads in relevant part as follows:

    (c) Whoever corruptly---

    (1) Alters, destroys, mutilates, or conceals a record document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined or imprisoned not more than 20 years.

4. 18 U.S.C. Section 1512 (c)(2) and (2) is fatally flawed in a number of material respects:

a. The statute is unconstitutionally vague in that the term "corruptly" is undefined and vague;

b. The subject statute fails to allege an *actus reus*. There is nothing in the indictment that suggests either Mark Middleton or Jalise Middleton took any action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence Congress' certification of the electoral vote;

c. As confirmed by comments from former Attorney General William Barr, "the natural and plausible reading of 1512 (c)(2) requires some conduct that impairs the integrity and availability of some evidence." There is no allegation or proof that either Mark Middleton or Jalise Middleton engaged in any act that impaired the integrity and availability of any evidence in this matter.

d. As noted by Judge Nichols in granting a Motion to Dismiss the 1512 count, in order for the indictment to adequately allege a violation of 18 U.S.C. Section 1512, subsection (c)(2)  must be interpreted as limited by subsection (c)(1) and therefore requires a charged party to have taken

3

some action with respect to a document in order to corruptly obstruct, impede, or influence an official proceeding. There is no such evidence in this matter and the indictment does not articulate the existence of any such evidence.

e. The Electoral College certification before Congress does not constitute and "official proceeding" under 18 U.S.C. Section 1512. I8 U.S.C. Section 1515(a)(1) defines an "official proceeding" as

> (A) a proceeding before a judge or court of the United States, a Magistrate judge, a bankruptcy judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal Grand jury:
>
> (B) a proceeding before Congress;
>
> (C) a proceeding before a Federal Government agency which is authorized by law;
>
> or
>
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce

There is nothing in the legislative history of 18 U.S.C. Section 1512 to remotely suggest it involves activities related to certification of the Electoral College. The certification of the Electoral College is not a proceeding

4

before a United States Magistrate or Judge and is not a proceeding before a Federal Government agency.

Defendants incorporate by reference all substantive arguments previously asserted in Motions to Dismiss the 18 U.S.C. Section 1512 count.

WHEREFORE, for the reason stated herein, and for any additional reasons that may arise during the trial of this matter, defendants respectfully pray this Honorable Court for dismissal of the 18 U.S.C. Section 1512 Obstruction of an Official Proceeding count.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh#323329
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.,C,. 20015
(202) 347-0200
skiersh@aol.com
Attorney for Mark Middleton

_____/s/_____
Bynum and Jenkins, Law
1010 Cameron Street
Alexandria, Virginia 22314
(703). 309-0899
RJenkins@Bynum andJenkinsLaw.com
Attorney for Jalise Middleton

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon all counsel of record on this the \_\_\_12th\_\_\_\_day of June, 2023.

_____/s/_____
Steven R. Kiersh

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      **V.**

**MARK MIDDLETON**

                                      Case No.:1:21-cr-367 (RDM)

      **and**

**JALISE MIDDLETON,**

## ORDER

Upon consideration of the Motion to Dismiss the 18 U.S.C. Section 1512, Obstruction of an Official Proceeding count in the Indictment, and any opposition thereto, it is by this Court on this the _____day of _____ 2023;

ORDERED, that the 18 U.S.C. Section1512 count, Obstruction of an Official Proceeding, in the indictment is dismissed.

_____
Honorable Randolph D. Moss
United States District Judge