UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-367 (RDM) |
| v.      )( | Judge Moss |
| )( | Pretrial Conference: January 29, 2024 |
| MARK MIDDLETON and )( | |
| JALISE MIDDLETON    )( | |

**MOTION TO SUPPRESS CONTENTS OF CELL PHONES
AND ANY DERIVATIVE EVIDENCE AND INFORMATION
<u>AND POINTS AND AUTHORITY IN SUPPORT THEREOF</u>**

COMES NOW the defendants, Mark and Jalise Middleton, by and through undersigned counsel, and respectfully move this Honorable Court, pursuant to the Fourth Amendment to the United States Constitution, to suppress the contents of two cellphones that were seized at the time of their arrests and subsequently searched. Additionally, they move the Court to suppress any evidence and information derived from the contents of those cell phones. In support of this motion, Mr. and Ms. Middleton would show:

1.  On the morning of April 21, 2021, Mark and Jalise Middleton were arrested by F.B.I. agents in connection with conduct they allegedly engaged in outside the United States Capitol on January 6, 2021. Mr. Middleton, Ms. Middleton, and their children live together in a home in a rural Texas community. Mr. Middleton was arrested after he had driven off the family property on his way to work. A short while later, Ms. Middleton was arrested just outside the family home.

2.  When Mr. Middleton was arrested, the F.B.I. agents seized a cell phone from his person. The number for this phone turned out to be (940) 765-3269. When Ms. Middleton was arrested, the agents also seized a cell phone from her person. The number

1

for this phone turned out to be (817) 269-9352. Sometime after the above phones were seized, they were searched. The government has now indicated that it may use certain portions of the contents of the phones against the Middletons at their trial in this case.

3. Prior to arresting the Middletons, the F.B.I. agents had obtained search-and-seizure warrants both for "AT&T wireless cellular phone assigned to phone number (940) 765-3269," Search and Seizure Warrant (for (940) 765-3269), and for "AT&T wireless cellular phone assigned to number (817) 269-9352," Search and Seizure Warrant (for (940) 765-3269) (Warrants). For the Warrants, the same probable-cause affidavit was used: Affidavit in Support of an Application for a Search Warrant (Affidavit). Attached to the Affidavit was a document captioned, "Attachment A, Property to Searched" (Attachment A). The warrants for the phones each indicate that the phones they are for are "more fully described in Attachment A." In regards to the phones, Attachment A only says, "The SUBJECT PHONES consist of an AT&T Wireless phone assigned number (940) 765-3269, subscribed to MMiddleton, and an AT&T Wireless phone assigned number (817) 269-9352, subscribed to JMiddleton."

4. The affidavit that was submitted for the Warrants points to facts that are said to show that the Middletons engaged in illegal activity outside the United States Capitol on January 6, 2021. Affidavit at 15-29. Moreover, the affidavit points to facts that are said to show that Mr. and Ms. Middleton both used cell phones to make posts to social media during the events of January 6. Id. at 23-26, 34. The affidavit indicates that evidence or the Middleton's alleged illegal activity in connection with the events of January 6 can be found on those phones. Id. at 34.

5. Even if it is submitted for the sake of argument that the Affidavit makes out probable cause to believe that evidence related to illegal activity may be on whatever phones Mr. and Ms. Middleton were using at the time of the events of January 6, the Affidavit still fails to make out probable cause in regards to the phones at issue in the Warrants—that is, the phones that were seized from the Middletons when they were arrested on April 21, 2021. The reason that the Affidavit fails make out probable cause in regards to these phones is because it does not provide any information that would show that these phones are in fact the same phones that Mr. and Ms. Middleton may have been using in relation to the events of January 6. See Affidavit at 15-34. Indeed, the Affidavit does not provide any information that would even show that the phones have any connection to Mr. and Ms. Middleton whatsoever. See id.

6. Because the Affidavit fails to establish probable cause in connection with the phones that were seized from the Middletons when they were arrested on April 21, 2021, the seizure and search of those phones pursuant to the Warrants was illegal under the Fourth Amendment. Moreover, because the Affidavit is so lacking in probable cause for the phones, the government cannot rely on the Leon good-faith exception to avoid application of the exclusionary rule. Accordingly, the contents of the phones must be suppressed. Additionally, any evidence and information developed from the contents of the phones must also be suppressed.

**DISCUSSION**

**A.  No Probable Cause**

In order for law enforcement to search a cell phone, "a warrant is generally required… even where the [the] cell phone is seized incident to arrest." Riley v. California, 134 S.Ct. 2473 , 2493 (2014).  In order to make out probable cause for a warrant to conduct a search, law enforcement officers seeking the warrant must establish that "there is a fair probability that contraband or evidence of a crime will be found in [the] particular place [to be searched]."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  Having probable cause to believe that a person has committed a crime does not mean that there is probable cause to search his effects.  See Steagald v. United States, 451 U.S. 204, 212-213 (1981); see also United States v. Griffith, 867 F.3d 1265, 1271 (D.C. Cir. 2017) ("probable cause to arrest a person will not itself justify a warrant to search his property").  In order to establish probable cause for a search, a nexus must be shown to exist between the item to be searched and the criminal activity under investigation. Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 307 (1967); Groh v. Ramirez, 540 U.S. 551, 568 (2004); see United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (the affidavit for a warrant to search a residence was "deficient because it fail[ed] to establish a nexus between the drug activity [under investigation] and the location that was searched").  This is in keeping with the fact that the "manifest purpose of th[e] [Fourth Amendment's] particularity requirement was to prevent general searches." Maryland v. Garrison, 480 U.S. 79, 84 (1987).  Indeed, the Fourth Amendment's particularity requirement is to "ensure[s] that [a] search will be carefully tailored to its justifications,

4

and will not take the character of the wide-ranging exploratory searches the Framers intended to prohibit." Id.

In addition to having to show a nexus between the items to be searched and the criminal activity under investigation, an affidavit for a search warrant must also provide the judicial officer reviewing it with sufficient facts for him to make his own independently informed determination of probable cause. Giordenelli v. United States, 357 U.S. 480, 486 (1958) (a judicial officer reviewing an affidavit for a warrant must be able "to judge for himself the persuasiveness of the facts relied on by the [affiant] to show probable cause"; see also Gates, 213 U.S. at 239; Franks v. Delaware, 438 U.S. 154, 165 (1978); Aguilar v. Texas, 378 U.S. 108, 110-11 (1964).  The determination of probable cause necessary for the issuance of a search warrant is left to "the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer 'engaged in the often competitive enterprise of ferreting out crime.'" United States v Chadwick, 433 U.S. 1, 9 (1977) (quoting Johnson v. United States, 333 U.S. 10, 14 (1948)).  Thus, conclusory assertions in an affidavit for which no underlying bases of knowledge are identified do not permit a judicial officer to exercise his independent judgment and therefore cannot properly support a finding of probable cause.  Gates, 462 U.S. at 239; Whiteley v. Warden, 401 U.S. 560, 563-65 (1971).

In the instant matter, the Affidavit fails to provide any facts that would show that the phones at issue in the Warrants are the same phones that Mr. and Ms. Middleton may have been using in connection with the events of January 6.  Indeed, the Affidavit fails to

provide any facts that would even show that the phones have any connection to Mr. and Ms. Middleton in any way whatsoever. Thus, the Affidavit fails to make out probable cause for the phones for two independent but obviously related reasons. First, it fails to show a nexus between the phones at issue in the Warrants and the alleged illegal activity under investigation. Second, it fails to provide sufficient information for a judicial officer to make an independent determination that the phones can be linked to that activity. Each of these failures provides its own independent reason for finding that the seizure and search of the phones pursuant to the Warrants was illegal.

## B.  No Good-Faith Reliance

Undoubtedly, the government will now argue that, even if the Affidavit fails to establish probable cause for the phones at issue in the Warrants, the law-enforcement officers executing the Warrants were still entitled to rely on the determination by the judicial officer who signed them that such probable cause existed anyway per the good-faith exception spelled out in United States v. Leon, 468 U.S. 897 (1984). However, the Leon good-faith exception was not intended to apply in those situations where a warrant "is based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" Leon, 468 U.S. at 915 (quoting Gates, 462 U.S. at 239). Additionally, for the Leon good-faith exception to apply, the judicial officer's action in authorizing the warrant "cannot be a mere ratification of the bare conclusions of others." Leon 468 U.S. at 915 (quoting Aguilar v. Texas, 378 U.S. 108, 114-115 (1964)). Furthermore, the Leon good-faith exception does not apply "when the affidavit [used to obtain a warrant] is so lacking in indicia of probable cause that a belief

in its existence is objectively unreasonable." Leon, 468 U.S. at 914.  Finally, "[e]ven if the warrant application was supported by more than a 'bare bones' affidavit, a reviewing court may properly conclude that, notwithstanding the deference that magistrates deserve, the warrant was invalid because the magistrate's probable-cause determination reflected an improper analysis of the totality of the circumstances." Leon, 468 U.S at 915 (citing Gates, 462 U.S. at 238-239).

      Here, it cannot be found that, in regards to the phones that the F.B.I agents took from Mr. and Ms. Middleton when they arrested them on April 21, 2021, the agents could have relied on the Warrants in good faith when they seized and then searched the phones.  The Affidavit contains no facts whatsoever to link the phones at issue in the Warrants to whatever phones Mr. and Ms. Middleton may have been using in connection with the events of January 6.  Indeed, the Affidavit contains no facts to even link the phones to Mr. and Ms. Middleton in any way.  Given this, the Affidavit does not provide a "substantial basis" for finding probable cause for the phones.  Additionally, it cannot even be claimed that the Affidavit would have permitted the judicial officer who reviewed it to do anything more than  make a "mere ratification of the bare conclusions of others" when she signed the Warrants.  Furthermore, it cannot be denied that the Affidavit is "so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable."  Finally, it cannot be denied that the judicial officer's probable-cause determination "reflected an improper analysis of the totality of the circumstances."  For all these reasons, the government cannot avail itself of the Leon good-faith exception to avoid application of the exclusionary rule to evidence obtained

from the seizures and searches of the phones that were taken from the Middletons when they were arrested on April 21, 2021.

### C. Suppression

Because the Affidavit fails to establish probable cause for seizing and searching the phones that were taken from Mr. and Ms. Middleton when they were arrested on April 21, 2021 and because the government cannot use the Leon good-faith exception to avoid application of the exclusionary rule, the contents of the phones must be suppressed. Additionally, evidence and information developed from the contents of the phones must also be suppressed.  Taylor v. Alabama, 457 U.S. 687, (1982); United States v. Crews, 445 U.S. 463, 471 (1980); Dunaway v. New York, 442 U.S. 590 (1975); Brown v. Illinois, 422 U.S. 590 (1975); Wong Sun v. United States, 371 U.S. 471 (1973).

### CONCLUSION

WHEREFORE, the defendants, Mark and Jalise Middleton, move this Honorable Court to suppress the contents of the cell phones that were seized at the time of their arrests and subsequently searched.  Additionally, they move the Court to suppress any evidence and information derived from the contents of those cell phones..

Respectfully submitted,
_____/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Mark Middleton
717 D Street, N.W.
Suite 310
Washington, DC 20004
jerryraysmith@verizon.net
(202) 347-6101

                                            /s/
Robert Jenkins
U.S. District Court Bar No. CO0003
Counsel for Jalise Middleton
Bynum & Jenkins Law
1010 Cameron Street
Alexandria, Virginia 22314
RJenkins@BynumAndJenkinsLaw.com
(703) 309-0899